IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA            )
                                    )
        v.                          )  Criminal No. 07-122
                                    )
EDWARD JARZEMBOWSKI                 )

MEMORANDUM AND ORDER OF COURT

This matter presently is before the court upon an order to show cause as to why the charge set forth in a criminal complaint and subsequently filed information should not be dismissed with prejudice based on the government's failure to file the information within the time period proscribed in 18 U.S.C. §3161(b).  Both the government and defendant have filed responses to the show cause order.  For the following reasons, the charge set forth in the criminal complaint and information will be dismissed without prejudice.

On January 9, 2006, a criminal complaint was filed at Misc. No. 06-17 charging defendant with possession with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. §841(a)(1) and (b)(1)(A).  An arrest warrant was issued by Magistrate Judge Amy Reynolds Hay and defendant was arrested on January 11, 2006.  Following an initial appearance held on that same date, defendant was released on a $50,000 unsecured appearance bond.

AO 72
(Rev. 8/82)

On February 1, 2006, the government filed at Misc. No. 06-17 a "waiver of time to file indictment."   The waiver was signed by the assistant United States attorney and counsel for defendant and indicated that defendant consented to the waiver. However, the waiver did not contain any language indicating that the extension of time properly was excludable under the Speedy Trial Act nor was it approved by Magistrate Judge Hay nor any other judge.

Additional "waivers" were filed on May 9, 2006, on July 28, 2006, on November 9, 2006, on January 31, 2007, and on March 2, 2007.   All of these waivers were filed at the miscellaneous docket number and were signed by the assistant United States attorney and defense counsel with defendant's consent.   None contained the appropriate speedy trial exclusionary language and none were approved by a judge.

On April 5, 2007, almost sixteen months after the filing of the criminal complaint and defendant's arrest, a one-count information was filed at Criminal No. 07-122 charging defendant with possession with intent to distribute more than five kilograms of cocaine in violation of 18 U.S.C. §841(a)(1) and (b)(1)(A), the identical offense charged in the criminal complaint.   Upon discovery of the Speedy Trial Act violation, this court filed an order to show cause as to why the charge set

2

forth in the criminal complaint and the untimely filed information should not be dismissed with prejudice.

The Speedy Trial Act expressly requires that:

> [a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

18 U.S.C. §3161(b) (emphasis added).

The Act also sets forth certain enumerated periods of delay which may be excluded in computing the 30-day time period for filing an information or indictment. §3161(h)(1)-(8). Among these exclusions is the "ends-of-justice" continuance of §3161(h)(8), which permits a judge to exclude time not otherwise excludable under §3161(h) upon a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

In this case, both parties acknowledge that the information was not filed within the 30-day period set forth in §3161(b). Moreover, although the parties filed what they intended to be joint "waivers" of time in which to file the information, these waivers clearly were ineffective, as the application of the Speedy Trial Act may not be prospectively waived. Zedner v. United States, __ U.S. __, 126 S.Ct. 1976, 1985 (2006)(noting that §3161(h) contains no provision excluding periods of delay where defendant attempts to waive application of the Act);

3

United States v. Carrasquillo, 667 F.2d 382, 390 (3d Cir. 1981) (refusing to find excludable time under a "waiver" theory as defendant may not waive the public's right to a speedy trial unless in compliance with §3161(h)).

The parties likewise concede that their joint "waivers", filed without court approval, were ineffective to stop the speedy indictment clock at the time they were filed. The government, however, contends that the invalid waivers nevertheless should be construed as requests for an ends-of-justice continuance under §3161(h)(8) and further suggests that this court, or a magistrate judge, now could find, nunc pro tunc, that the delay encompassed by the waivers is excludable under that provision because, at the time the waivers were filed, the ends of justice best were served by granting the continuances.

The government's position is flawed for two reasons. First, §3161(h)(8) expressly states that no period of delay is excludable under that section unless "the court sets forth, orally or in writing, its reasons for finding that the ends of justice" are best served by the continuance. Here, no judge ever had an opportunity to make an ends-of-justice determination because the joint waivers never were presented to the court. Instead, the waivers were filed at a miscellaneous docket number before the case was ever assigned to a judge, and neither party

4

made any effort to bring the waivers to the attention of any magistrate judge at the time any of the waivers were filed for a contemporaneous ends-of-justice finding.

Second, it long has been the law in this circuit that an ends-of-justice continuance is appropriate only where a court grants it <u>before</u> the Speedy Trial Act time has run and also places its reasons for granting the continuance on the record, either contemporaneously or at a later time.  <u>United States v. Lattany</u>, 982 F.2d 866, 877 (3d Cir. 1992); <u>Carrasquillo</u>, 667 F.2d at 386.  The rationale behind this rule is to avoid the danger of having every continuance converted retroactively into a continuance creating excludable time after a Speedy Trial Act violation already has occurred.  <u>United States v. Brenna</u>, 878 F.2d 117, 122 (3d Cir. 1989).  Accordingly, it is well-settled law in this circuit that an ends-of-justice continuance may not be granted <u>nunc pro tunc</u>.  <u>Id.</u>

Although the government suggests that the Supreme Court's decision in <u>Zedner</u>, <u>supra</u>, could be read to permit retroactive tolling findings under the Speedy Trial Act, the court disagrees with the government's interpretation of that case.  Instead, <u>Zedner</u> merely recognizes that a court retroactively may set forth its reasons for finding that a continuance granted prior to the expiration of the speedy trial clock best served the ends of justice. 126 S.Ct. at 1989.  This, too, long has been the

5

rule in this circuit.  See Lattany, 982 F.2d at 877 (judge need not articulate reasons at same time he grants continuance); Brenna, 878 F.2d at 122 (although judge may detail his reasons for an ends-of-justice continuance some time after he enters the order granting the continuance, he cannot grant the continuance itself nunc pro tunc).

The government's argument, therefore, is fatally flawed because no order granting an ends-of-justice continuance was entered by any judge prior to the expiration of the speedy indictment provisions of §3161(b).  In fact, no request for a continuance was made to the court within that time period which would have afforded a judge an opportunity to even consider whether the ends of justice best would have been served by an exclusion of time.  Had the waivers been presented to a magistrate judge at the time they were filed, and the magistrate judge had made an ends-of-justice finding at that time, or otherwise had granted the continuance, then it may have been permissible under Zedner, as well as the law of this circuit, for that judge now to set forth retroactively the reasons for that finding or continuance.  Those, however, are not the facts of this case.  Here, no continuance was granted within the prescribed time period and this court may not now go back in

6

AO 72
(Rev. 8/82)

time and retroactively make an ends-of-justice finding or grant such a continuance.[1]

As the information in this case was not filed within the 30-day time period set forth in §3161(b), and none of the delay between the date of defendant's arrest on January 11, 2006, and the filing of the information on April 5, 2007, properly falls within any of the exclusions set forth in §3161(h), this court finds that the Speedy Trial Act clearly has been violated.  In light of that finding, it is left for this court to determine the appropriate sanction for that violation.

The sanction for violating §3161(b) is set forth in §3162(a)(1), which explicitly provides in pertinent part:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) . . . such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.

(emphasis added).

---

[1]

The court is aware that the government has in other cases taken the route of seeking to have a Magistrate Judge enter a nunc pro tunc order excluding time in the ends of justice in an attempt to cure Speedy Trial Act violations resulting from similar waivers to those filed in this case.  The government should be advised that should the court be presented with the issue in an appropriate case in the future, it will be constrained to find such nunc pro tunc orders as invalid as the initial waivers.

Initially, the government hopes to evade the clear and unequivocal sanction of dismissal mandated by §3162(a)(1) for speedy indictment violations by attempting to engraft onto that section language contained in §3162(a)(2), which governs post-indictment speedy trial violations. Pursuant to §3162(a)(2), in cases where a defendant is not brought to trial within the 70-day period set forth in §3161(c), the failure of that defendant to move for dismissal prior to trial or entry of a plea "shall constitute a waiver of the right to dismissal under this section."

The government acknowledges that this case involves a speedy indictment, not a speedy trial, violation, and further concedes that §3162(a)(1) plainly omits the requirement of a defense motion prior to dismissal. Nevertheless, the government submits that the "under this section" language contained in §3162(a)(2) actually refers to <u>all</u> of §3162, including §3162(a)(1), and thereby mandates a defense motion prior to dismissal for both speedy trial and speedy indictment violations.

Although the government's theory does have support in case law from other circuits [2], this court need not consider the

---

[2]

See, e.g., United States v. Spagnuolo, 469 F.3d 39 (1st Cir 2006)(motion and waiver provision of §3162(a)(2) also applies to §3162(a)(1) because "under this section" language set forth in §3162(a)(2) refers to the entire *section* 3162
(continued...)

8

merits of the government's position in this particular case because the issue essentially has been mooted by defendant's response to the show cause order, in which he expressly requests dismissal of the charge because of the speedy indictment violation.   Thus, even were the court to read the motion and waiver requirement of §3162(a)(2) into §3162(a)(1), defendant in effect now has moved for dismissal of the charge prior to his entry of a plea.   Accordingly, in light of the undisputed violation of the speedy indictment provision in this case, dismissal is required under §3162(a)(1), and the only issue remaining before this court is to determine whether that dismissal should be with or without prejudice.

The sanctions provision of the Speedy Trial Act enumerates numerous factors that a court is to consider in determining whether a case should be dismissed with or without prejudice, including: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and, (3) the impact of a reprosecution on the administration of the Speedy Trial Act and the administration of justice.   18 U.S.C. §3162(a)(1).   In addition, pursuant to United States v. Taylor, 487 U.S. 326, 334 (1988), the court also is to consider

---

[2](...continued)
and not just the paragraph where the motion provision is located); United States v. Gamboa, 439 F.3d 796 (8th Cir. 2006); United States v. Lewis, 980 F.2d 555 (9th Cir. 1992).

AO 72
(Rev. 8/82)

prejudice to the defendant as an additional factor in making its discretionary decision to dismiss with or without prejudice. Having considered all of the appropriate factors, the court finds that dismissal in this case should be without prejudice.

The first factor that the court must consider is the seriousness of the offense charged.   Here, defendant has been charged with a very serious drug offense, to-wit, possession with the intent to distribute in excess of five kilograms of cocaine.  The court believes that the seriousness of the charged offense militates in favor of dismissal without prejudice.

The second factor that the court must consider, the facts and circumstances leading to dismissal, also weighs in favor of dismissal without prejudice.  Here, the violation in this case was engendered from the defendant's cooperation in an ongoing investigation, a delay which benefitted both parties.   The violation in this case thus is attributable equally to both the defendant and the government, as each of the waivers clearly states that defendant was aware of his right to a speedy indictment under §3161(b), voluntarily "waived" that right and expressly consented to the filing of the waiver.

Although both the government and defense counsel should have been aware of the long-standing rule that the application

10

of the Speedy Trial Act may not be prospectively waived[3], the court nevertheless believes that the parties were acting in good faith and not in an attempt to circumvent the application of the Speedy Trial Act.

The court also believes that the administration of justice and of the Speedy Trial Act would not be impacted by a reprosecution if the charge in this case were to be dismissed without prejudice.  The case is still in its infancy and the defendant already has agreed to a plea agreement which will expedite these proceedings should the government re-institute proceedings through a new information or indictment.

Finally, the court has considered any potential prejudice to defendant should the case be dismissed without prejudice and

---

[3]

The government suggests in its brief that the question of whether a defendant may waive the application of the Speedy Trial Act was an "open question" prior to the Supreme Court's decision in Zedner.  While Zedner does indicate that the Supreme Court had left the question open in its prior decision in New York v. Hill, 528 U.S. 110 (2000), see Zedner, 126 S.Ct. at 1985, n. 4, the question certainly was not "open" in this circuit.  For at least the last twenty-six years, the law in this circuit has been that a defendant may not waive the public's rights under the Speedy Trial Act, see Carrasquillo, supra, and there never has been any serious debate about that proposition in this circuit in those intervening years.  The government offers no explanation as to what led it to believe that this rule suddenly had changed which would have permitted it to file the types of "waivers" it attempted to file in this case, as well as numerous other cases in this district.  In fact, four of the six "waivers" in the case at bar were filed post-Zedner, which, as the government now concedes, emphatically settled the issue to the contrary.

11

concludes that defendant would suffer none.  The Speedy Trial Act violation in this case potentially inured to defendant's benefit as he was able to assist the government in an ongoing investigation with the possibility for a substantial assistance reduction in his sentence.  Moreover, as already noted, defendant fully and voluntarily consented to the delay.

Having considered the foregoing factors, the court believes that the appropriate sanction for the Speedy Trial Act violation in this case is dismissal without prejudice of the charge set forth in the complaint and untimely filed information. Accordingly, the charge shall be dismissed without prejudice.[4]

An appropriate order will follow.

Dated: *August 20, 2007*    *Gustave Diamond*
Gustave Diamond
United States District Judge

---

[4]   Both parties agree that even had the charge in this case been dismissed with prejudice, the government nevertheless could have proceeded against defendant with an indictment or information charging him with the offense of conspiracy for acts arising out of the same criminal transaction which gave rise to the dismissed substantive charge.  See United States v. Oliver, 238 F.3d 471 (3d Cir. 2001).  Since the dismissal in this case is without prejudice, whether the government decides to proceed by recharging the substantive offense or charging a conspiracy offense is clearly within the discretion of the United States Attorney.

12

ORDER

AND NOW, this 20th day of August, 2007, for the reasons set forth above, IT IS ORDERED that the charge set forth in the criminal complaint and the untimely information filed in this case be, and the same hereby is, dismissed without prejudice.

Gustave Diamond
United States District Judge

cc:   Constance E. Bowden
      Assistant U.S. Attorney

      Ronald W. Hayward
      Law Offices of David S. Shrager
      429 Forbes Avenue
      1310 Allegheny Building
      Pittsburgh, PA 15219

13